RECEIVED PC SCAN
MCP
3/22/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT NORTHERN DISTRICT

OF ILLINOIS

Thomas Holloway
     plaintiff

    vs.

Cook Conty Judge Vincent M. Guaghan,
former Cook County states Attorney,
Anita Alverez, Cook county assistant states
Attorney, A. Garcia, Chicago police Department
City of Chicago, Chicago Police officers,
S. pickett, M Dobek, D. Frausto, C. Burton,
J. Hudson, R. Espino, S. Singeton, Sgt. Stubbe.

                Defendants

**1:24-cv-02358**
**Judge Sharon Johnson Coleman**
**Magistrate Judge Heather K. McShain**
**RANDOM/ CAT 3**
**PC 2**

## COMPLAINT UNDER CIVIL RIGHTS ACT TITLE 42 SECTION 1983

Now comes plaintiff **Thomas Holloway** Pro-se respectfully moves this court pursuant to 42 U.S.C.S § 1983. In order to recover damages for allegedly unconstitutional conviction or imprisonment or for other harm caused by action whose unlawfulness would render a conviction or sentence invalid a 42 U.S.C.S § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by excutive order, declared invalid by a state tribunal authorized to make such determination or call into question by a federal court's issuance of awrit of habeas copus, Heck V. Humphery, 512 U.S 477. 114 S.Ct. 2364, 129 LEd 2d 383 (1994).

On Novenber 25, 2002 Case No. 02CR3079701 plaintiff Holloway was arested by the Chicago police Department and charged for the offense of Aggravated unlawful use of a weapon pursuant to 720 ILCS 5/24-1.6 (a)(1),(a)(3)(A). This statute was declared facially unconstitutional pursuant to People v. Burns, 2015 IL 117387.

On January 23, 2003 Case No.02CR3079701 plaintiff Holloway enter a guilty plea in Case No.02CR3079701 for the offense of Aggravated unlawful use of a weapon under statute 720 ILCS 5/24-1.6(a)(1), (a)(3)(A) and was sentensed to 4 years in the ILLinois Department of Corrections.

Plaintiff Thomas Holloway Reg. K-98215 ___ currently in the custody of Warden Cherryle R. Hinthorne at ILLinois River Corrt. Ctr. P.O. Box 999 Canton ILL 61520.

## THE FOLLOWING DEFENDANTS ARE HERE BY BEING SUED:

Defendants arresting Chicago Police Department Officers:
(1). S. Pickett, (2) M. Dobek, (3) R. Espino, (4) J. Hudson
(5) C Burton, (6) S. Singleton, (7). D. Frausto, (8). Sgt. Stubbe
employed by Cook County Police Department Fourth District
Harrison & Kedsie Chicago IL. 60624.

Defendant Cook County A.S.A A. Garcia employed by Cook County 2650 S. California 11th Fl. Chicago Il. 60602.

Defendant Former S.A. Anita Alverez empoloyed by Cook County 2650 S. California 11th fl. Chicago Il. 60602

Defendant Cook County Judge Vincent M. Guaghan employed by Cook County 2650 S. California Chicago IL. 60602.

On March 25, 2021 plaintiff Holloway's judgement of conviction and sentence was VACATED pursuant to the decision in People v. Aguilar, 2013 112116 and People v. Burns, 2015 ILL 117387. Which held sections of the statute Aggravated unlawful use of a weapon unconstitutional. (720 ILCS 5/24-1.6(a)(1),(a)(3)(A).

Statute of limitations for 42 U.S.C.S. § 1983 claims arising in ILLinois is two years. Booker v. Ward,94 F 3d 1052 (7th cir. 1996).

On March 25, 2021 Case No. 02CR3079701 plaintiff criminal proceeding was terminated (see Ex.   ). How-Ever due to Covid-19 pandemic he was confined to his cell in ILLinois River Corrt. Center, unable to access the law libary. Due to the many resteictions placed on the facility by the Governor, the Director of ILLinois prison and the administration at ILLinois River, in addition to Govrnor J.B Pritzker Executive orders. Plaintiff Holloway statute of limitations expired March 25, 2023. Hearafter request that this Honorale Court allow him to proceed with his section 1983 complaint borrowing the pandemic tolling provision in response to Governor J.B pritzker Executive order for Covid 19. At least two district courts in this circuit have found that executive orders enacted in response to the covid-19 pandemic do toll borrowed state statute of limitations. See Bonilla v. City of New York, No. 20CV1704RLDLB, 2020 U.S. Dist. LEXIS 211171, 2020 WL 6637214, at *3(E.D.N.Y. Nov. 12, 2020, also see Connelly v. Komm, 2021 U.S Dist. LEXIS 221735.

Assuming arguendo plaintiff Equitable Fiduciary claims a private Right of action seeking damages for violation of Civil Rights Act § 1964, 701 et Seq. 42 U.S.C.A. § 2000 et. Seq. Jack Brown Buick Inc v. postma, 193 Ill. Dec. 166, 626 N.E 2d 179, 204 (1983) Heck V. Humprey, 512 U.S 477 (1994) Breach of fiduciaty duty is an equitable action. Kinzer v. City of Chicago, 132 ILL. Dec. 410, 539 N.E 2d 1216, 132 (1989). Are not subject to the limitations requirement of the tort immunity Act. People ex rel Birkett v. City of Chicago, 325, Ill.App3d 196 204-06, 758 N.E 2d 25, 31-33 259 ILL Dec. 180 (2001)

On March 25, 2021 plaintiff Holloway's judgement of
conviction and sentence was VACATED pursuant to the decision in
People v. Aguilar, 2013 112116 and People v. Burns, 2015 ILL
117387. Which held sections of the statute Aggravated unlawful
use of a weapon unconstitutional. (720 ILCS 5/24-1.6(a)(1),(a)
(3)(A).

Statute of limitations for 42 U.S.C.S. § 1983 claims arising
in ILLinois is two years. Booker v. Ward,94 F 3d 1052 (7th cir.
1996).

On March 25, 2021 Case No. 02CR3079701 plaintiff criminal
proceeding was terminated (see Ex.   ). How-Ever due to Covid-19
pandemic he was confined to his cell in ILLinois River Corrt.
Center, unable to access the law libary. Due to the many resteic-
tions placed on the facility by the Governor, the Director of
ILLinois prison and the administration at ILLinois River, in
addition to Govrnor J.B Pritzker Executive orders. Plaintiff
Holloway statute of limitations expired March 25, 2023. Hear-
after request that this Honorable Court allow him to proceed
with his section 1983 complaint borrowing the pandemic tolling
provision in response to Governor J.B pritzker Executive order
for Covid 19. At least two district courts in this circuit have
found that executive orders enacted in response to the covid-19
pandemic do toll borrowed state statute of limitations. See
Bonilla v. City of New York, No. 20CV1704RLDLB, 2020 U.S. Dist.
LEXIS 211171, 2020 WL 6637214, at *3(E.D.N.Y. Nov. 12, 2020,
also see Connelly v. Komm, 2021 U.S Dist. LEXIS 221735.

Assuming arguendo plaintiff Equitable Fiduciary claims a
private Right of action seeking damages for violation of Civil
Rights Act § 1964, 701 et Seq. 42 U.S.C.A. § 2000 et. Seq.
Jack Brown Buick Inc v. postma, 193 Ill. Dec. 166, 626 N.E 2d
179, 204 (1983) Heck V. Humprey, 512 U.S 477 (1994) Breach of
fiduciaty duty is an equitable action. Kinzer v. City of Chicago,
132 ILL. Dec. 410, 539 N.E 2d 1216, 132 (1989). Are not subject
to the limitations requirement of the tort immunity Act.
People ex rel Birkett v. City of Chicago, 325, Ill.App3d 196
204-06, 758 N.E 2d 25, 31-33 259 ILL Dec. 180 (2001)

## COUNT I

On November 25, 2001 Case No. 02CR3079701 the defendants Chicago Police Department Officers S. Picket, (2) M. Dobek, (3)D. Frausto, (4) R. Espino (5)J. Hudson (6)C. Burton, (7) S. Singleton, and Sgt. Stubbe  See (Ex. 2). The defendants were without probable cause to arrest and charge plaintiff Holloway under a facially unconstitutional statute Aggravated unlawful use of a weapon Section 5/24-1.6(a)(3)(A) under Aguilar, 2013 IL 112-116 and People v. burns 2015 IL 117387. Wheather the defendant had probable cause to arrest is a question of law. Wolinsky v. Kadison, 370 ILL. Dec 205, 987 N.E 2d 971 (2013). The statute was infirm from the moment of it's enactment the conduct sanctioned was never a crime at all. Ex parte Siebold, 100 S.ct at 376: The statute in any subseacnt proceedings Civil or Criminal subverts constitutional protections. Montgomery I.d at 136 S.ct. 730-31: See In re N.G, 2018 121939. Plaintiff was deprived of his liberty. In violation of his second and fourth Amendment Right U.S, Ill Const. Reed v. city of chicago, 77 F 3d 1049, 1051 (7th cir. 1996).

Under "Monell" Plaintiff asserts this action against the Chicago Police Department officers acted unconstitutional. (1) The defendants executed a policy to arrest plaintiff without probable cause they relied upon A.U.U.W statute (720 ILCS 5/24-1.6(a)(1),(a)(3)(A). a facially unconstitutional statute that was infirm from the moment of its enactment the conduct sanctioned was never a crime at all. The defendants actions was the moving force behind the violation of plaintiff sencond and fourth Amendment Constitutional Rights cause of injury. Hall v. City of Chicago, 953 F 3d 945, 950 (7th cir.2020)

## MALICIOUS PROSECUTION

To state a claim for malicious prosecution under 42 U.S.C.S §
1983 a plaintiff must demonstrate that: (1) He has satisfied the
requirements of a state cause of action for malicious prosecution
(2) Thr malicious prosecution was committed by state actor:
and (3) He was deprived his liberty. Sneed v. Rybick, 146, F 3d
478 (7th cir. 1998).

To state a claim for malicious prosecution under ILLinois
law. Plaintiff Holloway contends, that the record, facts, and the
law demonstrates that He was subject to an unconstitutional
proceeding in Cook County circut Court: Criminal case No.
02CR3079701 where the defendants Judge Vincent M Guagha,
A.S.A A Garcia by and through S.A Anita Alverez, indicted,
arriaged entered a guilty plea convicted and sentenced plaintiff
to serve 4 years in prison, for Aggravated unlawful use of a
weapon purauant to (720 ILCS 5/24-1.6(a)(1),(a)(3)(A).
proceeding dates December 6, 2002- January 23, 2003. see attached
Ex.(1) p1-4 (Ex5)(Ex6)

(2) For which there was no probable cause: Wheather probable
cause exsits in this case of action is an issue of law.
Wolinsky v.Kadison, 370 Ill Dec 205, 987, N.E 2d 971 (2013).
Wheather plaintiff was deprived his liberty. Reed v. City of
Chicago, 77 F 3d 1049, 1051 (7th cir. 1996). The Chicago Police
Department/ officers was without probable cause to arrest
plaintiff Holloway and charge him with Aggravated unlawful
use of a weapon statute (720 ILCS 5/24/1.6 (a)(1),(a)(3)(A)).
This statute was decalred facailly unconstitutional under
Aguilar, 2013 IL. 112116 and Burns 2015 IL, 117387.
In violation of the second Amendment Rights U.S Const.
the statute was facially in firm from the moment

Of it's enactment the conduct sanction was never a crim at all
Ex parte Siebold, 100 U.S at 376 the statute in ant subseqent
proceeding civil or criminal subverts constititional protection
Montgomery, Id at 136 S.ct. at731 also see In re N.G 2018 IL
121939. Violation of plaintiff fourth Amendment Right U.S. Const.
see (Ex, 2).

(3) The defendants  instituted or continued the proceedings
Maliciously: The defendants instituted and contiuned the
unconstitutional proceedings maliciously, arraigned, entered in
a guilty plea of A.U.U.W under the unconstitutional statute
(720 ILCS 5/25-1.6(a)(1),(a)(3)(A) was convicted and sentenced
to 4 years in the ILLINOIS DEPARTMENT OF CORRECTIONS. See Ex 1p 2
Ex. 5-6.

(4) The proceedings were terminated in plaintiff favor:
On March 25, 2021 the cook county circuit  court VACATED plaintif
facally unconstitutional A.U.U.W case No. 02CR3079701 conviction
and sentence.(See Ex 3) The Court also issued a certificate of
innocents on Aug. 30, 2021(see Ex. 4)

(5) There was an injury: Due to the defendants conduct
plaintiff Holloway was charged convicted and sentenced to serve
4 years of his life in prison in which he was deprived his
liberty.
The Chicago Police Department defendants (1) S. Picket, (2) M.
Dobek, (3) R. Espino, (4) J. Hudson, (5) C. Burton (6) S. Single-
ton, (7) D. Frausto, and (8) Sgt. Stubbe.  see (Ex.#2). Whether
the defendant had probable cause to arrest plaintiff is an issue
of law. Woliniky v. Kadison, 370 Ill. Dec. 205, 987, N.E 2d 971
(2013). Wheather plaintiff was deprived of his liberty Reed v.
city of chicago, 77 F 3d 1049 1051(7th cir. 1996)

Under a Monell claim.  the pivotal question is always whether
an official policy however expressed caused the constitutional
deprivation. Glisson v. Ind. Dept. ofcorrs. 849 F 3d 372, 379,
(7th cir. 2017).

§ 1983 claims for false imprisonment, (and false arrest) may be based only on unlawful arrest and / or detintion occuring up to the point of arraigment Wiley v. City of Chicago, 361 F 3d 994,998, (7th cir. 2004)

## FALSE ARREST

Plaintiff was subject to an unconstitutional false arrest deprivation of his liberty in the cook county jail arrest date of November 25, 2002. Illegally detained up to his arraigment December 23, 2002 See(Ex. 1 p1) was illegally detained for a total of 28 days See (Ex. 7)

Compensatory damages 700,000

Punitive damages 700,000

## FALSE IMPRISONMENT

§.1983 claim for false imprisonment, based on unlawful arrest detention occuring after arraigment. Wiley V. City of Chicago, 361 F 3d 994, 998, (7th cir. 2004).

Plaintiff was subjected to an unconstitutional false imprisonment subsequent to his arraigment December 24, 2002. Continued incarceration in the ILLINOIS DEPARTMENT OF CORRECTIONS. M.S.R release date 08/01/03 Mandatory parole time served through total number of days served for false Imprisonment See(Ex. 7)

Compensotory Damages 700,000

Punitive Damages 700,000

The tort of false imprisonment in Illinois consists of an unreasonable restraint of an individuals liberty, against his will. Caused by the defendants with-out probable cause. Aboufariss v. City of de kalb, 239 ILL Dec. 273, 713 N.E 2d 804, 809, (1999).

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The defendants conduct was unconstitutional, a negligent breach of duty and athority, to arrest charge convict, and sentence plaintiff Holloway to 4 years in the Illinois Department of Corrections. The defendants relied upon a facaially unconstitutional statute. The alleged conduct was not a crime plaintiff was illegally detained. This caused sever emotional distress, Separated plaintiff from his job loving family and friends. He lives in a continued state of insecurity, anxiety, and depression.

Intentional infliction of emotional distress arising from malicious prosecution does not accure until the state criminal proceedings are terminated. Hobley, 2004 W L 1243929, Thus state tort claims are subjected to one year limitations period under ILLinois law 745 ILCS 10/8-101. Plaintiff criminal proceedings terminated March 25, 2021 See (EX.3)

Plaintiff assert, under Illinois law his following fiduyciary equitable claims are not subject to the limitation requirements of the tort Immunity Act. ex. rel. birktl v. City of Chicago 259 ILL Dec 180, 759 N.E 2d 25, 31-33 (2001).
ILLinois Courts have recognized that an action seeking damages for breach of duty is an equitable action. An action for breach of fiduciary duty"is not a tort" Kinzer v. City of Chicago, 132, ILL. Dec. 410, 539 N.E 2d 1216, 132 (1989).

Under controlling precedent, seeking damages for breach of fiduciary duty was an equitable claim. see Wolinsky v. Kidison, 2013 IL. App (1st) 111186.

Illinois recognizes an exception, A private Right of action to restrain officals from violating the statue defining duties and powers, the statute creates purely a private right of action. To redress purely privote injuries, although injuctions are specifically mentioned, the statute in this cause of action A.U.U.W statute (720 ILCS 5/24-1.6 (a)(1),(a)(3)(A).

The defendants committed a negligent breach of the fiduciaryes
and authority. They relied upon to arrest, charge, convict and
sentence plaintiff Holloway to serve 4 years in prison.
Declared facially unconstitutional the statute provides for
general equitable relief, and gives the plaintiff the authority
to pursue damages as well. Violation of Civil Rights Act 1964 §
701 et. Seq. 42 U.S.C.A § 2000 et. Seq Jack Brown Buick Inv v.
Postma, 193 ILL Dec 166, 626 N.E 2d 179, 204 (1983) accord 42
U.S.C.A § et. Seq. Heck v. Humprey, 512, U.S 477 (1994).

Plaintiff asserts, under a private right of action, the
defendants state employee's A.S.A Garcia, S.A Alverez, and C.P.D
officer's negligent breach of fiduciary duties, and athorty
relied upon and exceuted a facially unconstitutional (policy)
statute A.U.U.W (720 ILCS 5/24-1.6(a)(1),(a)(3)(A). See (EX.3)

Under section 9 of article VII of the ILLinois Constitution.
The jurisdiction of the circuit Court extends to all justiciable
matters. When a controversy appropriate for review by the court,
subjectmatter jurisdiction is confered entirely by state Constit-
ution. Mc Cormick, 390 Ill. Dec. 142, 28 N.E 3d 795 (ILL.2015)
In this cause of action the Cook County Circuit Court committed
a negligent breach of duty and authority Violated ILL. Const.
art. 6 & 9, lacked subjectmatter jurisdiction to rely upon and
a facially unconstitutional statute A.U.U.W (720 ILCS 24-1.6 (a)
(1),(a)(3)(A). Mc Cormick, 390 ILL Dec. 142, 28 N.E 3d 795(ILL
2015. Subjectmatter jurisdiction is the duty... of the Court
(Judicial Officers) it cannot be waved or confered by consent of
parties. Suprem Catering V. ILL Workers Compensation, 364 ILL.
Dec 484, 976 N.E 2d 1047 (1st Dist. 2012): Postma, 193 ILL. Dec.
166, 626 N.E 2d 179, 204 (1983).

Whereby plaintiff request damages for intenional infliction
of emotional distress equitable relief in each defendant indivi-
dual and offical capasities:

Compensatory Damages ___700,000_____

punitive Damages __700,000_____

Plaintiff has satisfied the 42 U.S.C.S § 1983 requirements
under ILLinois state law cause of action for malicious prosecut
ion. Sneed v. Rybicki 146 F 3d 478 (7th cir.1998)

## COUNT II

On January 23, 2003 Case No. 02CR3079701 Cook County Ciruit Judge defendant Vincent M. Guaghan committed a negligrnt breach of fiduciary duty and authority, when the defendant unconstitutionally arrianged entered in a guilty plea, convicted and sentenced plaintiff Holloway to serve 4 years in prison under the aggravated unlawful use of a weapon statute (720 ILCS 5/24-1.6(a)(1),(a)(3)(A). The Illinois Supreme Court declared this offence facially unconstitutional and VOID in People v. Aguillar, 2013 IL 112116, Par 22, and People v. Burns, 2015 IL 117387, Par 32. This statute if facially unconstituional and violated plaintiff Second Amendment Constitutional Right. The statute was facially infirm from the moment it was enactment. The conduct sanctioned was never a crime at all Ex Parte Siebold, 100 U.S at 376: Where a substantive rule has eliminated a states power to proscribe a defendants conduct, or impose a given punishment, for the state had no authority, and "The courts never acquired jurisdiction to impose punishment is illgal and void" Montgomery, I.d. at 136 S.Ct at 730-31: see In re N.G., 2018 IL. 121939. also see attached exhibits (Ex.1 P2)(Ex5-6).

## MALICIOUS PROSECUTION

To state a claim for malicious prosecution under 42 U.S.C.S. §
1983 a plaintiff must demonstrate that: (1) He has satisfied the
requirements of a state cause of action for malicious prosecution
(2) The malicious prosecution was committed by state actors: and
(3) He was deprived his liberty. Sneed v. Rybick, 146, F 3d 478
(7th cir. 1998).

To state a claim for malicious prosecution under ILLinois law.
Plaintiff Holloway contends, that the record, facts, and the law
demonstrates the (1) He was subject to a unconstitutional proceed
ing ing Cook County Circuit Court: Criminal Case No. 02CR3079701
Where the defendants Judge Vincent M. Gaughan, A.S.A, A. Garcia
by and through S.A Anita Alverez, indicted, arraingned entered a
guilty plea, convicted and sentenced plaintiff to serve 4 years
in prison, for Aggravated unlawful use of a weapon pursuant to
(720 ILCS 5/24-1.6(a)(1),(a)(3)(A). Proceeding date December 6,
2002 - January 23, 3003. See (Ex.1 P1-4) & (Ex5)(Ex6).

(2) For which there was no probable cause: Wheather probable
cause exsit in this cause of action is an issue of law.
Wolinsky v. Kadison, 370 ILL Dec 205, 987, N.E. 2d 971 (2013).
Wheather plaintiff was deprived his liberty. Reed v. City of
Chicago, 77 F 3d 1049, 1051 (7th cir. 1996). The Chicago Police
Department was without probable cause to arrest plaintiff
Holloway and charge him with A.U.U.W. statute.(720 ILCS 5/24-
1.6(a)(1),(a)(3)(A). This statute was declared facially uncon-
stitutional under people v. Aguilar, 2013 112116 & People v.
Burns, 2015 Il 117387. In volition of the Second Amendment Rights
U.S Const. the statute was facially infirm from the moment of
It's enactment the conduct sanction was never a crime at all.
Ex parte siebold, 100 U.S at 376 the statute in any subseqent
proceeding civel or criminal subverts constitutional protection
Montgomery, I.d at 136 S.Ct. at 731 also see In re N.G., 2018
IL. 121939. Violation of plaintiff Fourth Amendment Right U.S
Const. See (Ex.2).

(3) The defendants instituted or continued the proceedings
maliciously: The defendants instituted and continued the uncon-
stitutional proceedings maliciously, arraigned, entered in a
guilty plea under the unconstitutional statute (720 ILCS 5/24-
1.6(a)(1),(a)(3)(A).    I was convicted and sentenced to serve
4 years in prison. See (Ex1 P2) & (Ex.5-6).

(4) The proceeding was terminated in the plaintiff favor:
On March 25, 2021 The Cook County Circuit Court VACATED plaintiff
facially unconsitiutional A.U.U.W. Case No.02CR3079701 conviction
and sentence. See (Ex.3) The Court also issued plaintiff a
certificate of innocents on AUG. 30, 2021. See(Ex.4)

And (5)"There was injuries to the plaintiff"
The defendants instituted and continued the proceeding malicious-
ly Cook County Circuit judicial officer, defendant JUdge Vincent.
M Guaghan committed a negligent breach of fiduciary duty and
authority. Violated Ill. Const. Art. 6 § 9 which confers subject-
matter on the circuit court. This was not a justicible matter
approprate for review, the defendant unconstitutionally arraig-
ned entered in a guilty plea, convicted and sentenced plaintiff
to serve 4 years in prison. See(Ex.1 P2)(Ex5-6). Violated plaint-
iff Second and Fourth Amendment Constitutional Rights, When the
defendant relied upon statute (720 ILCS 5/24-1.6(a)(1),(a)(3)(A)
A.U.U.W. This statute was facially unconstitutional from the
moment of it's enactment, the conduct sanction was never a crime
at all. Ex parte Siebold, 100 S.Ct. at 376: the court never
acquired jurisdiction to impose punishment. Montgomery, 577 U.S
at 136 S.Ct. at 730-31. also see In re N.G., 2018 IL 121939.

The defendant  Judge Vincent M. Guaghan, acted in clear
absence of all jurisdiction, violated Ill. Art. 6 § 9 Which
confirs subjectmatter jurisdiction upon the Cook County Circuit
Court Mc Comick, 390 Ill Dec. 142, 28 N.E 3d 795 ILL. 2015).
relied upon a facially unconstitutional statute A.U.U.W. To
convict plaintiff, want of subjectmatter jurisdiction is known
and is subject to liability. Forman, 214 ILL Dec. 1 660 N.E. 2d
192 (1995) Stump v. Sparkman, 435 U.S 349 98 S.Ct 1099 (1978)

§ 1983 claims for false imprisonment, (and false arrest) may be based only on unlawful arrest and / or detintion occuring up to the point of arraigment Wiley v. City of Chicago, 361 F 3d 994,998, (7th cir. 2004)

## FALSE ARREST

Plaintiff was subject to an unconstitutional false arrest deprivation of his liberty in the cook county jail arrest date of November 25, 2002. Illegally detained up to his arraigment December 23, 2002 See(Ex. 1 p1) was illegally detained for a total of 28 days See (Ex. 7)

Compensatory damages  _100,000_

Punitive damages  _100,000_

## FALSE IMPRISONMENT

§ 1983 claim for false imprisonment, based on unlawful arrest detention occuring after arraigment. Wiley V. City of Chicago, 361 F 3d 994, 998, (7th cir. 2004).

Plaintiff was subjected to an unconstitutional false imprison-ment subsequent to his arraigment December 24, 2002. Continued incarceration in the ILLINOIS DEPARTMENT OF CORRECTIONS. M.S.R release date  _08/01/03_  Mandatory parole time served through _____ total number of days served for false Imprisonment _____ See(Ex. 7)

Compensotory Damages  _100,000_

Punitive Damages  _100,000_

The tort of false imprisonment in Illinois consists of an unreasonable restraint of an individuals liberty, against his will. Caused by the defendants with-out probable cause. Aboufariss v. City of de kalb, 239 ILL Dec. 273, 713 N.E 2d 804, 809, (1999).

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The defendants conduct was unconstitutional, a negligent breach of duty and athority, to arrest charge convict, and sentence plaintiff Holloway to 4 years in the Illinois Department of Corrections. The defendants relied upon a facaially unconstitutional statute. The alleged conduct was not a crime plaintiff was illegally detained. This caused sever emotional distress, Separated plaintiff from his job loving family and friends. He lives in a continued state of insecurity, anxiety, and depression.

Intentional infliction of emotional distress arising from malicious prosecution does not accure until the state criminal proceedings are terminated. Hobley, 2004 W L 1243929, Thus state tort claims are subjected to one year limitations period under ILLinois law 745 ILCS 10/8-101. Plaintiff criminal proceedings terminated March 25, 2021 See (EX.3)

Plaintiff assert, under Illinois law his following fiduyciary equitable claims are not subject to the limitation requirements of the tort Immunity Act. ex. rel. birktl v. City of Chicago 259 ILL Dec 180, 759 N.E 2d 25, 31-33 (2001).
ILLinois Courts have recognized that an action seeking damages for breach of duty is an equitable action. An action for breach of fiduciary duty"is not a tort" Kinzer v. City of Chicago, 132, ILL. Dec. 410, 539 N.E 2d 1216, 132 (1989).

Under controlling precedent, seeking damages for breach of fiduciary duty was an equitable claim. see Wolinsky v. Kidison, 2013 IL. App (1st) 111186.

Illinois recognizes an exception, A private Right of action to restrain officals from violating the statue defining duties and powers, the statute creates purely a private right of action. To redress purely privote injuries, although injuctions are specifically mentioned, the statute in this cause of action A.U.U.W statute (720 ILCS 5/24-1.6 (a)(1),(a)(3)(A).

The defendants committed a negligent breach of the fiduciaryes and authority. They relied upon to arrest, charge, convict and sentence plaintiff Holloway to serve 4 years in prison. Declared facially unconstitutional the statute provides for general equitable relief, and gives the plaintiff the authority to pursue damages as well. Violation of Civil Rights Act 1964 § 701 et. Seq. 42 U.S.C.A § 2000 et. Seq Jack Brown Buick Inv v. Postma, 193 ILL Dec 166, 626 N.E 2d 179, 204 (1983) accord 42 U.S.C.A § et. Seq. Heck v. Humprey, 512, U.S 477 (1994).

Plaintiff asserts, under a private right of action, the defendants state employee's A.S.A Garcia, S.A Alverez, and C.P.D officer's negligent breach of fiduciary duties, and athorty relied upon and exceuted a facially unconstitutional (policy) statute A.U.U.W (720 ILCS 5/24-1.6(a)(1),(a)(3)(A). See (EX.3)

Under section 9 of article VII of the ILLinois Constitution. The jurisdiction of the circuit Court extends to all justiciable matters. When a controversy appropriate for review by the court, subjectmatter jurisdiction is confered entirely by state Constitution. Mc Cormick, 390 Ill. Dec. 142, 28 N.E 3d 795 (ILL.2015) In this cause of action the Cook County Circuit Court committed a negligent breach of duty and authority Violated ILL. Const. art. 6 & 9, lacked subjectmatter jurisdiction to rely upon and a facially unconstitutional statute A.U.U.W (720 ILCS 24-1.6 (a) (1),(a)(3)(A). Mc Cormick, 390 ILL Dec. 142, 28 N.E 3d 795(ILL 2015. Subjectmatter jurisdiction is the duty... of the Court (Judicial Officers) it cannot be waved or confered by consent of parties. Suprem Catering V. ILL Workers Compensation, 364 ILL. Dec 484, 976 N.E 2d 1047 (1st Dist. 2012): Postma, 193 ILL. Dec. 166, 626 N.E 2d 179, 204 (1983).

Whereby plaintiff request damages for intenional infliction of emotional distress equitable relief in each defendant individual and offical capasities:

Compensatory Damages  700,000

punitive Damages  700,000

Plaintiff has satisfied the 42 U.S.C.S § 1983 requirements under ILLinois state law cause of action for malicious prosecution. Sneed v. Rybicki 146 F 3d 478 (7th cir.1998)

## COUNT III

On December 6, 2002 & January 23, 2003 Case No. 02CR3079701
the defendants Cook County A.S.A A. Garcia by and through their
superier S.A Anita Alverez committed a negligent breach of their
fiduciary dutyies and authority, the defendants unconstitutionall
y instituted and continued a criminal proceeding prosecuted
plaintiff, arrainged, entered in a guilty plea convicted and
sentenced him to 4 years in prison. See (Ex1 P2)(Ex.5-6).
Defendants relied upon a facially unconstitutional statute
Aggravated unlawful use of a weapon.(720 ILCS 5/24-1.6(a)(1),(a)
(3)(A). Under aguillar, 2013 IL 112116 and People v. Burns,2015
IL. 117387. The United States Suprem Court holds in"Montgomer"
Where a substantive rule has eliminated a state power to proscrib
e a defendants conduct or impose punishment, for the state
(defendants A.S.A. & S.A) had no authority and the courts never
acquired jurisdiction to impose punishment is illegal and void.
Montogrmey, I.d 136 S.Ct. 730-31 also see In re N.G., 2018 IL.
violation of plaintiff Second Amendment Right U.S IL. Const.

## MALICIOUS PROSECUTION

To state a claim for malicious prosecution under 42 U.S.C.S § 1983 a plaintiff must demonstrate that: (1) He has satisfied the requirements of a state cause of action for malicious prosecution (2) The malicious prosecution was committed by state actors: and (3) He was deprived his liberity. Sneed v. Rybick, 146, f 3d 478 (7th cir. 1998).

To state a claim for malicious prosecution under Illinois law. Plaintiff Holloway contends, that the record, facts, and the law demonstrates that He was subject to a unconstitutional proceeding in Cook County Circuit Court: Criminal Case No. 02CR3079701 Where the defendants Judge Vincent M. Guagh, A.S.A, A garcia by and through S.A Anita Alverez, indicted, arraigned entered a guilty plea, convicted and sentenced plaintiff to serve 4 years in prison, for Aggravated unlawful use of a weapon pursuant to (720 ILCS 5/24-1.6(a)(1),(a)(3)(A). Proceeding date December 6, 2002 - January 23,2003. See attached (Ex.1 P1-4). (Ex5)(Ex6).

(2) For which there was no probable cause: Wheather probable cause exsit in this cause of action is an issue of law. Wolinsky v. Kadison, 370 Ill Dec 205, 987, N.E. 2d 971 (2013). Wheather plaintiff was deprived his liberity. Reed v. City of Chicago, 77 F 3d 1049, 1051 (7th cir. 1996). The Chicago Police Department was without probable cause to arrest plaintiff Holloway and charge him with A.U.U.W. statute (720 ILCS 5/24-1.6 (a)(1),(a)(3)(A). This statute was declared facally unconstitutional under People v. Aguillar, 2013 IL. 112116 and People v Burns, 2015 IL, 117387. In violation of the Second Amendment Right U.S Const. the statute was facially infirm from the moment

Of It's enactment the conduct sanction was never a crime at all. Ex parte siebold, 100 U.S at 376 the statute in any subseqent proceeding civil or criminal subverts constitutional proction. Montgomery, I.d at 136 S.Ct. at 731 also see In re N.G. 2018 IL. 121939. Violation plaintiff Fourth Amendment Right U.S. Const. see(Ex.2)

(3) The defedants instituted or continued the proceedings maliciously: The defendants instituted and continued the unconstitutional proceedings maliciously , arraigned, entered in a guilty plea of A.U.U.W under the unconstitutional statute (720 ILCS 5/24-1.6(a),(1)(a)(3)(A) and was convicted and sentence to 4 years in the ILLINOIS DEPARTMENT OF CORRECTIONS. See (Ex1 p2 Ex. 5-6.

(4) The proceeding was terminated in the plaintiff favor: On March 25, 2021 the Cook County Circuit Court VACATED plaintiff facially unconstitutional A.U.U.W Case No. 02CR3079701 conviction and sentence. (See Ex.3) The Court also issued plaintiff a certificate of innocents on AUG. 30, 2021. See(Ex.4) And (5) "There was injuries to the plaintiff

The defendants, A.S.A Garcia by and through superier S.A Alverez committed a negigent breach of fiduciary duties by instituting and continuing a malicious proceeding in the Cook County Circuit Court maliciously. The defendants judical officers arrained, entered in a guilty plea, convicted and sentenced plaintiff to 4 years in prison. See (Ex.1 p2). Voliated plaintiff second Amendment Constitutional Rights. Defendants relied upon a facially unconstitutional statute A.U.U.W(720 ILCS 5/24-1.6 (a)(1),(a)(3)(A). Aguilla, 2013 IL. 112116. & Burns, 2015, IL. 117387. The statute was facially infirm from the moment of it's enactment the conduct sanction was never a crime at all. Ex parte siebold, 100, S.Ct. U.S at 736: Where a substantive rule bas elimnated a state power to proscribe a defendants conduct or impose punishment, for the state had no authority and the court never acquired jurisdiction to impose punishment is illegal and void Mongomery, I.d at 136 S.Ct. at 730-31 also see In re N.G., 2018 IL. 121939. (Ex.1 P2)(Ex.5-6)

§ 1983 claims for false imprisonment, (and false arrest) may be based only on unlawful arrest and / or detintion occuring up to the point of arraigment Wiley v. City of Chicago, 361 F 3d 994,998, (7th cir. 2004)

## FALSE ARREST

Plaintiff was subject to an unconstitutional false arrest deprivation of his liberty in the cook county jail arrest date of November 25, 2002. Illegally detained up to his arraigment December 23, 2002 See(Ex. 1 p1) was illegally detained for a total of 28 days See (Ex. 7)

Compensatory damages ___700,000___

Punitive damages ___700,000___

## FALSE IMPRISONMENT

§.1983 claim for false imprisonment, based on unlawful arrest detention occuring after arraigment. Wiley V. City of Chicago, 361 F 3d 994, 998, (7th cir. 2004).

Plaintiff was subjected to an unconstitutional false imprisonment subsequent to his arraigment December 24, 2002. Continued incarceration in the ILLINOIS DEPARTMENT OF CORRECTIONS. M.S.R release date ___08/01/03___ Mandatory parole time served through _____ total number of days served for false Imprisonment _____ See(Ex. 7)

Compensotory Damages ___700,000___

Punitive Damages ___700,000___

The tort of false imprisonment in Illinois consists of an unreasonable restraint of an individuals liberty, against his will. Caused by the defendants with-out probable cause. Aboufariss v. City of de kalb, 239 ILL Dec. 273, 713 N.E 2d 804, 809, (1999).

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The defendants conduct was unconstitutional, a negligent breach of duty and athority, to arrest charge convict, and sentence plaintiff Holloway to 4 years in the Illinois Department of Corrections. The defendants relied upon a facaially unconstitutional statute. The alleged conduct was not a crime plaintiff was illegally detained. This caused sever emotional distress, Separated plaintiff from his job loving family and friends. He lives in a continued state of insecurity, anxiety, and depression.

Intentional infliction of emotional distress arising from malicious prosecution does not accure until the state criminal proceedings are terminated. Hobley, 2004 W L 1243929, Thus state tort claims are subjected to one year limitations period under ILLinois law 745 ILCS 10/8-101. Plaintiff criminal proceedings terminated March 25, 2021 See (EX.3)

Plaintiff assert, under Illinois law his following fiduyciary equitable claims are not subject to the limitation requirements of the tort Immunity Act. ex. rel. birktl v. City of Chicago 259 ILL Dec 180, 759 N.E 2d 25, 31-33 (2001). ILLinois Courts have recognized that an action seeking damages for breach of duty is an equitable action. An action for breach of fiduciary duty"is not a tort" Kinzer v. City of Chicago, 132, ILL. Dec. 410, 539 N.E 2d 1216, 132 (1989).

Under controlling precedent, seeking damages for breach of fiduciary duty was an equitable claim. see Wolinsky v. Kidison, 2013 IL. App (1st) 111186.

Illinois recognizes an exception, A private Right of action to restrain officals from violating the statue defining duties and powers, the statute creates purely a private right of action. To redress purely privote injuries, although injuctions are specifically mentioned, the statute in this cause of action A.U.U.W statute (720 ILCS 5/24-1.6 (a)(1),(a)(3)(A).

The defendants committed a negligent breach of the fiduciaryes and authority. They relied upon to arrest, charge, convict and sentence plaintiff Holloway to serve 4 years in prison. Declared facially unconstitutional the statute provides for general equitable relief, and gives the plaintiff the authority to pursue damages as well. Violation of Civil Rights Act 1964 § 701 et. Seq. 42 U.S.C.A § 2000 et. Seq <u>Jack Brown Buick Inv v. Postma</u>, 193 ILL Dec 166, 626 N.E 2d 179, 204 (1983) accord 42 U.S.C.A § et. Seq. <u>Heck v. Humprey</u>, 512, U.S 477 (1994).

Plaintiff asserts, under a private right of action, the defendants state employee's A.S.A Garcia, S.A Alverez, and C.P.D officer's negligent breach of fiduciary duties, and athorty relied upon and exceuted a facially unconstitutional (policy) statute A.U.U.W (720 ILCS 5/24-1.6(a)(1),(a)(3)(A). See (EX.3)

Under section 9 of article VII of the ILLinois Constitution. The jurisdiction of the circuit Court extends to all justiciable matters. When a controversy appropriate for review by the court, subjectmatter jurisdiction is confered entirely by state Constitution. <u>Mc Cormick</u>, 390 Ill. Dec. 142, 28 N.E 3d 795 (ILL.2015) In this cause of action the Cook County Circuit Court committed a negligent breach of duty and authority Violated ILL. Const. art. 6 & 9, lacked subjectmatter jurisdiction to rely upon and a facially unconstitutional statute A.U.U.W (720 ILCS 24-1.6 (a) (1),(a)(3)(A). <u>Mc Cormick</u>, 390 ILL Dec. 142, 28 N.E 3d 795(ILL 2015. Subjectmatter jurisdiction is the duty... of the Court (Judicial Officers) it cannot be waved or confered by consent of parties. <u>Suprem Catering V. ILL Workers Compensation</u>, 364 ILL. Dec 484, 976 N.E 2d 1047 (1st Dist. 2012): <u>Postma</u>, 193 ILL. Dec. 166, 626 N.E 2d 179, 204 (1983).

Whereby plaintiff request damages for intenional infliction of emotional distress equitable relief in each defendant individual and offical capasities:

Compensatory Damages ___700,000___

punitive Damages ___700,000___

Plaintiff has satisfied the 42 U.S.C.S § 1983 requirements under ILLinois state law cause of action for malicious prosecution. <u>Sneed v. Rybicki</u> 146 F 3d 478 (7th cir.1998)

Order Granting Certificate of Innocence                                    (12/01/20) CCCR 0709

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS

v.                                                     No.: 02CR3079701

THOMAS JONES

_____ ,
                              Defendant/Petitioner

### ORDER GRANTING CERTIFICATE OF INNOCENCE

This cause comes before the Court on the Defendant/Petitioner's Petition for Certificate of Innocence pursuant to 735 ILCS 5/2-702. The Court being fully advised finds by a preponderance of evidence that:

1. ☑ The Defendant/Petitioner was convicted of one or more than one felony by the State of Illinois in the County of Cook and was subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence;

2. ☑ The Defendant/Petitioner's judgment or conviction was reversed or vacated and the indictment or information dismissed or, ☐ a new trial was ordered and either s/he was found not guilty at the new trial or s/he was not retried and the indictment or information is dismissed; or ☐ the statute, or application thereof, on which the indictment or information was based violated the Constitution of the United States or the State of Illinois;

3. ☑ The Defendant/Petitioner's indictment or information was dismissed or s/he was acquitted and a Petition was filed within 2 years of the dismissal of the indictment or information or acquittal;

4. ☐ The Defendant/Petitioner is innocent of the offenses charged in the indictment or information or ☑ Defendant/Petitioner's acts or omissions charged in the indictment or information did not constitute a felony or misdemeanor against the State;

5. ☑ The Defendant/Petitioner did not by his/her own conduct voluntarily cause or bring about his/her conviction.

IT IS THERFORE ORDERED as follows:

1. That the Petition for a Certificate of Innocence is GRANTED.

2. That the Clerk of the Circuit Court shall transmit a copy of the Certificate of Innocence to the Clerk of the Court of Claims, together with the Defendant/Petitioner's current address as indicated on the Petition.

ENTERED:

**ENTERED**

Dated: AUG 30 2021    8/30, 2021          _Iris L. Redrick_          238
                                              Judge              Judge's No.

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT-CRIMINAL DIVISION**

PEOPLE OF THE STATE OF ILLINOIS )
            Respondent )
     vs.                    ) CASE NO. 02CR3079701
                            )
                            ) HONORABLE VINCENT M. GAUGHAN
THOMAS JONES,              ) Judge Presiding
             Petitioner        )

## AGREED ORDER TO VACATE JUDGMENT OF CONVICTION AND SENTENCE IMPOSED THEREON

NOW COME THE PEOPLE OF THE STATE OF ILLINOIS, by and through their attorney Kimberly M. Foxx, State's Attorney of Cook County, Illinois, through her assistant, Carol Rogala, all parties being present and represented by counsel, the Court being apprised of all relevant matters herein, it is hereby ordered:

The judgment of conviction and sentence imposed in the above captioned matter entered on January 23, 2003, is **VACATED** pursuant to the decision in *People v. Aguilar,* 2013 IL 112116 which held that section 5/24-1.6(a)(1), (a)(3)(A) of the Aggravated Unlawful Use of Weapon statute (720 ILCS5/24-1.6(a)(1), (a)(3)(A)) is facially unconstitutional and *People v. Burns,* 2015 IL 117387 which held that felon status in the Class 2 version of the offense is not an element of the crime.

The People's motion of *nolle prosequi* is **GRANTED.**

**ENTERED:** _____ VMG 1553

                  VINCENT MICHAEL GUAGHAN
                  Judge of the Circuit Court

ENTERED
Judge Vincent Gaughan #1553
MAR 25 2021
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL



**Clerk of the Circuit Court
of Cook County**

**PEOPLE OF THE STATE OF ILLINOIS**

        VS                                    **NUMBER: 02CR3079701**

**JONES, THOMAS**

### CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, IRIS Y MARTINEZ, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of COOK COUNTY FILED AN INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

**Charging the above named defendant with:**

| COUNT | STATUTE | DEGREE | DESCRIPTION | ARREST DATE |
|---|---|---|---|---|
| 001 | 720-5/24-1.6(A)(1)3 | F2 | AGG UUW/VEHICLE/PREV CONVCTION | 11/25/2002 |
| 002 | 720-5/24-1.6(A)(1)3 | F2 | AGG UUW/VEHICLE/PREV CONVCTION | 11/25/2002 |
| 003 | 720-5/24-1.6(A)(2)3 | F2 | AGG UUW/PERSON/PREV CONVCTION | 11/25/2002 |
| 004 | 720-5/24-1.1(A) | F3 | FELON POSS/USE WEAPON/FIREARM | 11/25/2002 |
| 005 | 720-5/24-1.1(A) | F3 | FELON POSS/USE WEAPON/FIREARM | 11/25/2002 |

The following disposition(s) was/were rendered before the Honorable Judge(s):

**EVENTS AND ORDERS OF THE COURT:**

**12/6/2002 INDICTMENT/INFORMATION-CLERKS OFFICE-PRESIDING JUDGE**

    02CR3079701 ID# CR100890369

**12/23/2002 CASE ASSIGNED**

    BIEBEL, PAUL

**12/23/2002 DEFENDANT IN CUSTODY**

    WOOD, WILLIAM S

**12/23/2002 DEFENDANT IN CUSTODY**

    GAUGHAN, VINCENT M.

**12/23/2002 PRISONER DATA SHEET TO ISSUE**

    GAUGHAN, VINCENT M.

**12/23/2002 DEFENDANT ARRAIGNED**

    GAUGHAN, VINCENT M.



**Clerk of the Circuit Court
of Cook County**

## PEOPLE OF THE STATE OF ILLINOIS

### VS                                             NUMBER: 02CR3079701

### JONES, THOMAS

### CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, IRIS Y MARTINEZ, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of COOK COUNTY FILED AN INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

**12/23/2002 PLEA OF NOT GUILTY**

GAUGHAN, VINCENT M.

**12/23/2002 CONTINUANCE BY AGREEMENT**

GAUGHAN, VINCENT M.

**1/23/2003 DEFENDANT IN CUSTODY**

GAUGHAN, VINCENT M.

**1/23/2003 ADMONISH PER SUPREME COURT RULE 402**

GAUGHAN, VINCENT M.

**1/23/2003 PLEA OF GUILTY**

GAUGHAN, VINCENT M.

**1/23/2003 JURY WAIVED**

GAUGHAN, VINCENT M.

**1/23/2003 FINDING OF GUILTY**

GAUGHAN, VINCENT M.

**1/23/2003 DEFENDANT SENTENCED ILLINOIS DEPARTMENT OF CORRECTIONS**

GAUGHAN, VINCENT M.

**1/23/2003 CREDIT DEFENDANT FOR TIME SERVED**

GAUGHAN, VINCENT M.

**1/23/2003 ELIGIBLE IMPACT PROGRAM-BOOT CAMP**

GAUGHAN, VINCENT M.

**1/23/2003 DEFENDANT ADVISED OF RIGHT TO APPEAL**

GAUGHAN, VINCENT M.

Printed: 6/15/2021 1:02:28 PM

 **Clerk of the Circuit Court of Cook County**

PEOPLE OF THE STATE OF ILLINOIS

               **VS**                        **NUMBER: 02CR3079701**

    **JONES, THOMAS**

## CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, IRIS Y MARTINEZ, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of COOK COUNTY FILED AN INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

**1/23/2003 MITTIMUS TO ISSUE**

    GAUGHAN, VINCENT M.

**1/23/2003 CHANGE PRIORITY STATUS**

    GAUGHAN, VINCENT M.

**8/28/2020 MOTION DEFENDANT VACATE PLEA, FINDING, VERDICT**

**9/29/2020 ANSWER FILED**

**11/17/2020 PUBLIC DEFENDER APPOINTED**

    GAUGHAN, VINCENT M.

**3/25/2021 PUBLIC DEFENDER APPOINTED**

    GAUGHAN, VINCENT M.

**3/25/2021 JUDGMENT VACATED**

    GAUGHAN, VINCENT M.

**3/25/2021 TRANSFERRED**

    GAUGHAN, VINCENT M.

**3/25/2021 ORDER ENTERED**

    GAUGHAN, VINCENT M.

**5/12/2021 COURTSHEET**

**5/12/2021 MOTION TO WITHDRAW AS ATTORNEY - FILED**

**5/12/2021 CONTINUANCE BY ORDER OF COURT**

    JOYCE, TIMOTHY JOSEPH

 **Clerk of the Circuit Court of Cook County**

**PEOPLE OF THE STATE OF ILLINOIS**

**VS**

**NUMBER: 02CR3079701**

**JONES, THOMAS**

### CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, IRIS Y MARTINEZ, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of COOK COUNTY FILED AN INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

**HEARINGS**

| | | | |
|---|---|---|---|
| 12/23/2002 | 9:00 AM | Continued to | Criminal Division, Courtroom 500 |
| 12/23/2002 | 9:00 AM | Continued to | Criminal Division, Courtroom 101 |
| 1/23/2003 | 9:00 AM | By Agreement | |
| 9/14/2020 | 9:00 AM | Motion | Criminal Division, Courtroom 500 |
| 11/17/2020 | 9:00 AM | Order of Court | Criminal Division, Courtroom 500 |
| 1/8/2021 | 9:00 AM | By Agreement | Criminal Division, Courtroom 500 |
| 3/25/2021 | 9:00 AM | By Agreement | Criminal Division, Courtroom 500 |
| 5/12/2021 | 9:30 AM | By Agreement | Criminal Division, Courtroom 101 |
| 6/15/2021 | 9:30 AM | Motion | Criminal Division, Courtroom 101 |

**PLEAS, DISPOSITIONS AND SENTENCES:**

**Plea:**

| | |
|---|---|
| 001 | 1/23/2003 PLEA OF GUILTY |

**Disposition:**

| | |
|---|---|
| 001 | 1/23/2003 PLEA OF GUILTY |
| 001 | 1/23/2003 FINDING OF GUILTY |
| 001 | 1/23/2003 ~~KOLLTROSLQSJ~~ |

| GENERAL OFFENSE CASE REPORT CHICAGO POLICE | 1. OFFENSE/INCIDENT—PRIMARY CLASSIFICATION WEAPONS VIOLATION | 14/CA OFF. CODE 1 4 3 A | 2. SECONDARY CLASSIFICATION Unlawful use of a handgun | 3. R.D. NO. HH – 800912 |
|---|---|---|---|---|

**SCENE**

4. ADDRESS OF OCCURRENCE: 4, 4, 2, 6, W JACKSON
5. FIRE RELATED: ☐1 YES ☒2 NO
6. DATE OF OCCURRENCE – TIME: 25 NOV 02 1156
7. SEAT OF OCCUR.: 1115
8. BEAT/UNIT ASSIGN.: 1163D

9. TYPE OF LOCATION OR PREMISE WHERE OFFENSE OCCURRED: residence
10. LOCATION CODE: 2 9 0
11. DATE R.O. ARRIVED – TIME: 25 NOV 02 1156
12. ASSIGNED BY ☒ ON VIEW ☐ SUPERVISOR

**VICTIMS**

20. NO. VICTIMS: 2

| 21. NAME | IDENTITY VERIFIED | 22. HOME ADDRESS | 23. SEX–RACE–AGE CODE | 24. HOME PHONE | 25. BUSINESS PHONE | 26. TIME AVAIL | 27. OCCUPATION | 28. INJURED | 29. VICTIM REL. CODE |
|---|---|---|---|---|---|---|---|---|---|
| STATE of ILLINOIS | | | | | | | | | |
| HOSKINS, Alicia | | 4426 W. Jackson | F/1/30 | 626-7854 | | days | unk | X | 24 |

**WITNESS** 30. NO. WIT.: 5
R/O's
32. 3151 W. Harriosn

**OFFENDER** 40. NO. OFF.: 1

| 41. OFFENDER'S NAME | 42. HOME ADDRESS | 42. SEX–RACE–AGE | HEIGHT | WEIGHT | EYES | HAIR | COMPL. | MARKS, SCARS, ETC. | 44. C.B./I.R NO. | 45. OFFENDER REL. CODE |
|---|---|---|---|---|---|---|---|---|---|---|
| JONES, Thomas (nmi) | 4939 W. Congress #2 | M 1/17 | 5'8 | 140 | blk | Brn drk | | tats on arms | 1530 4996 | 24 |

**CIRCUMSTANCES** 50.

51. OBJECT/WEAPON: ☒1 USED ☒ DISPLAYED ☐ UNK
☒ 01 HAND GUN
55. BURGLAR ALARM: ☒ NA ON PREMISE
59. GANG RELATED – AFFILIATION: ☐ VICTIM ☐ OFFENDER New Breed
58. UNUSUAL CHARACTERISTICS OF OFFENSE: See Narrative

**PROPERTY** 70.
72. VEHICLE/TRAILER: ☒ OFFENDER'S MERC 4dr wht unk

**NARRATIVE** 80.
EV#06410 Arresting officers: S. PICKETT, M. DOBEK, M. BLOMQUIST, R. ESPINO, J. HUDSON, C. BURTON, D. FRAUSTO, and A. GARCIA. Court officer: M. DOBEK br 44-2 02 DEC 02 Weather: 30 degrees and sunny. offender's clothing: black jacket, white shirt, and white cap. Arrestee gang affiliation: new breed.
S. SINGLETON
81. SOBRIETY OF VICTIM: ☐1 SOBER ☐2 H&D
82. FLASH MESSAGE SENT? ☒1 YES ☐2 NO

**PERSONNEL** 90.
91. EXTRA COPIES REQUIRED: ☒ NORMAL
92. OFFICER NOTIFYING FOLLOW-UP INVESTIG. UNIT: M. DOBEK
UNIT NOTIFIED: 1 ATF
PERSON NOTIFIED: X FREGUSON #4060
DATE: 25 NOV 02, 1530
93. FIRST OFFICER AT SCENE: S. PICKETT
94. OFFICER NOTIFYING: ☐1ST D/S ☐E.T. ☐M.E.
95. REPORTING OFFICER'S NAME (PRINT): S. PICKETT — STAR NO. 12737
DATE COMPLETED: 25 NOV 02, 1590
M. DOBEK — STAR NO. 18876
97. SUPERVISOR APPROVING (PRINT NAME): SGT. STUBBE — STAR NO. 2659
APPROVAL: 26 NOV 02 1900

CPD-11.380 (Rev. 8/96)

OERRM152                                    ILLINOIS DEPARTMENT OF CORRECTIONS                    PAGE: 1

AS OF DATE: 9/3/2021                           OFFENDER 360                         RUN DATE: 9/3/2021

                                            VERIFICATION OF INCARCERATION                        RUN TIME: 3:33:34 PM

NAME : THOMAS  HOLLOWAY                                  IDOC # : K98215
DATE OF BIRTH: 3/24/1984                                 LIVING UNIT : IRI:IRI:01:D:78:L1
    HOLDING MITT CUSTODY DATE                    1/17/2016

    DATE ENTERED DEPARTMENT OF CORRECTION        4/28/2016 10:50 AM

    DATE RECEIVED AT:ILLINOIS RIVER              11/8/2017

    PROJECTED DATE OF RELEASE FROM CUSTODY       7/17/2030

    ACTUAL DATE OF RELEASE FROM CUSTODY

    TYPE OF RELEASE                              P

****************************************************************************************************************************

| INDICTMENT # | OFFENSE | YEAR | MONTH | DAY |
|---|---|---|---|---|
| 16CR0597601 | POSS AMT CON SUB EXCEPT(A)/(D) - 51011105285 | 0 | 30 | 0 |
| *12C44122701 | POSS AMT CON SUB EXCEPT(A)/(D) - 51011105285 | 3 | 0 | 0 |
| 12CF2466 | MANU/DEL 10-15 GR HEROIN/ANLG - 50961005251 | 20 | 0 | 0 |
| 2015CF002148 | ATTEMPT VIO BAIL BOND/CLASS X CONVIC - 00101475819 | 9 | 0 | 0 |
| *02CR3079701 | AGG UNLWFL USE WEAPON/VEH/2ND - 00124756153 | 4 | 0 | 0 |
| 16CR05997501 | AGG FLEEING/2+ CON DEVICES - 00134546714 | 0 | 30 | 0 |
| *05CR0080301 | AGG DISCH FIR/PC OFF/FIREMAN - 12148755528 | 15 | 0 | 0 |

****************************************************************************************************************************

| ALIAS/NICKNAMES | TYPE | EFFECTIVE DATE |
|---|---|---|
| TJ | Nickname | |
| HOLLOWAY, HENRY | Alias | 7/19/2010 |
| JONES, THOMAS | Prior Commit Name | 7/29/2005 |
| NELOMS, GEORGE | Alias | 7/19/2010 |
| WOODS, THOMAS | Alias | 7/19/2010 |

****************************************************************************************************************************

NOTE: "*" DISCHARGED MITTS

_9/7/21_
(DATE)

_Cathy Smith_
RECORDS OFFICE SUPERVISOR

                        ILLINOIS RIVER                    CORR. CENTER

CC : MASTERFILE

3

**Criminal:**

| | | |
|---|---|---|
| Amount Narcotic Schedule I/II-class 1 felony<br>Other Amount Narcotic<br>01CR2430001<br>Under Henry Holloway with date of birth of 03/25/84 | 09/09/01<br>10/23/01<br>11/28/01<br>01/24/02<br><br>03/26/02<br>04/04/02<br>12/03/02<br>11/27/02<br>01/13/03<br>01/23/03 | Chicago PD, Cook County<br>Warrant issued<br>Warrant served<br>Count 01-Two years Probation, 47 days jail with credit for 45 days served<br>Count 02-Disposition unknown<br>Petition to Revoke filed<br>Petition to Revoke filed; warrant issued<br>Warrant served<br>Petition to Revoke filed; warrant issued<br>Defendant in custody<br>Probation revoked; resentenced to 60 days jail with credit for 60 days served, unsatisfactorily terminated |
| Aggravated Unlawful Use of Weapon-01,02,03<br>Felon Possess/Use Weapon-04,05<br>02CR3079701<br>Under Thomas Jones | 11/25/02<br>01/23/03<br><br>02/10/03<br>08/01/03<br>07/09/04<br>08/04/04<br>01/04/05<br>03/04/05 | Chicago PD, Cook County<br>Count 01-Four years Illinois Department of Corrections with credit for 60 days served; eligible for Boot Camp<br>Count 02 to 05-Disposition unknown<br>Received at IDOC-Graham<br>Mandatory Supervised Release<br>Parole revoked<br>Mandatory Supervised Release<br>Parole revoked<br>Discharged |
| No Valid Driver's License<br>TD240556 | 11/19/03<br>12/18/03<br>01/28/04<br>03/21/12<br><br>05/31/12 | Chicago PD, Cook County<br>One month Court Supervision, fine and costs<br>Court Supervision revoked<br>Motion granted; one month Court Supervision, fine and costs<br>Satisfactorily terminated |
| No Valid Driver's License<br>TD238268 | 11/30/03<br>01/16/04 | Chicago PD, Cook County<br>Exparte conviction entered; fined |
| Soliciting Unlawful Business<br>04120530201 | 12/29/03<br>03/10/04 | Chicago PD, Cook County<br>Two days jail with credit for two days served |